IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER PHARMA AG, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. _____ ) ) |
| MACLEODS PHARMACEUTICALS LTD. and MACLEODS PHARMA USA, INC., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule of Civil Practice and Procedure for the United States District Court for the District of Delaware 5.1.3 ("Local Rule 5.1.3"), Plaintiffs Bayer Pharma AG, Bayer AG (Bayer AG and Bayer Pharma AG are collectively referred to herein as "Bayer"), and Janssen Pharmaceuticals, Inc. ("Janssen") (Bayer and Janssen are collectively referred to herein as "Plaintiffs"), by their attorneys, hereby move for leave to file their Complaint against Defendants Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc. (individually and collectively, "Macleods") under seal. In support of this Motion, Plaintiffs state as follows:

1. This is an action for patent infringement arising under 28 U.S.C. §§ 1331, 1338(a), the United States Patent Act, 35 U.S.C. § 100 et seq., including 35 U.S.C. § 271, and the Declaratory Judgement Act, 28 U.S.C. §§ 2201–2202.

2. The claims for patent infringement brought in this action are based on Macleods' unlicensed importation into the United States, and use, sale, and/or offer for sale throughout the United States, of a generic version the 2.5 mg strength of XARELTO® that infringes at least one claim of U.S. Patent No. 10,828,310 ("the '310 patent").

3.  By letter dated May 2, 2023 ("Macleods' Notice Letter"), Macleods notified Plaintiffs that Macleods had submitted to the U.S. Food and Drug Administration ("FDA") an Abbreviated New Drug Application ("ANDA"), seeking approval of a generic version the 2.5 mg strength of XARELTO® ("Macleods' ANDA Product").

4.  After receiving Macleods' Notice Letter, Plaintiffs sued Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc. on June 16, 2023, seeking Hatch-Waxman relief for infringement of the '310 patent. That action was consolidated before this Court in *In re: Xarelto (Rivaroxaban) ('310) Patent Litigation*, MDL No. 21-3017-RGA (D. Del.) ("*In re Xarelto*").

5.  In or around January 2024, Plaintiffs entered into a confidential settlement agreement with Macleods ("the Settlement") and stipulated and agreed to dismiss that action pursuant to Federal Rules of Civil Procedure 41(a)(1) and 41(c). It was (and remains) important to the parties' business and competitive interests to maintain the confidentiality of the Settlement's terms and conditions. *See* Decl. of David Schramm.

6.  On information and belief, Macleods' ANDA Product received final approval from the FDA on May 14, 2025, and, without a license from Plaintiffs, Macleods began importing that product into the United States, using that product in the United States, offering to sell that product in the United States, and/or selling that product in the United States shortly thereafter. Plaintiffs bring this patent infringement action to enjoin Macleods' unlicensed launch of Macleods' ANDA Product in the United States and to recover damages related to that unlicensed launch.

7.  Plaintiffs' Complaint for patent infringement against Macleods refers to and describes certain terms and conditions of the Settlement, the contents of which are confidential.

8. Plaintiffs respectfully request leave to file their Complaint under seal in order to protect the confidential information referenced therein, to maintain consistent treatment of the confidential information included in the Settlement, and to protect the parties' business and competitive interests related to the continued confidential treatment thereof.

9. Although there is a "presumptive right of public access" to judicial records, that right is "not absolute." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (citation omitted). Rather, it "may be rebutted" when "the interest in secrecy outweighs the presumption." *Id.* (citation omitted); *see also Kaleo, Inc. v. Adamis Pharms. Corp.*, C.A. No. 19-917-RGA, 2019 WL 11680196, at *1 (D. Del. July 16, 2019) ("A court applies a 'good cause' standard to justify sealing or redacting judicial records, which requires a 'balancing process, in which the courts weigh the harm of disclosing information against the importance of disclosure to the public.'" (citation omitted)). Sealing of confidential information is therefore appropriate when "the [confidential] material is the kind of information that courts will protect and . . . disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia*, 924 F.3d at 672 (citation omitted). Plaintiffs' (and, on information and belief, Macleods') interests in maintaining the confidentiality of the terms and conditions of the Settlement satisfies that standard here.

10. Courts in the Third Circuit often seal pleadings that reference or describe the terms of confidential settlement agreements. *See, e.g.*, *Bayer Pharma AG v. Aurobindo Pharma Ltd.*, C.A. No. 25-631-RGA, D.I. 1, 9 (D. Del. May 23, 2025); *Takeda Pharms. U.S.A., Inc. v. Granules Pharms., Inc.*, C.A. No. 20-812-RGA, D.I. 1, 7 (D. Del. June 17, 2020). That is particularly so where, as here, "[t]he parties are private entities, their dispute has no impact on the safety and health of the public, and their settlement agreements demonstrate a clear intent to

3

maintain confidentiality." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222–23 (3d Cir. 2011).

11. Plaintiffs will file a public version of the Complaint, with the confidential information redacted, within seven (7) days of the motion being granted.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that they be permitted to file and maintain their Complaint against Macleods concerning its generic version of the 2.5 mg strength of XARELTO® under seal, and respectfully request that the Court enter the proposed order submitted herewith.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Bruce R. Genderson<br>Dov P. Grossman<br>Alexander S. Zolan<br>Seth R. Bowers<br>Ben Picozzi<br>Dana B. Kinel<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue SW<br>Washington, DC 20024<br>(202) 434-5000<br>*Attorneys for Plaintiffs Bayer Pharma AG and Bayer AG*<br><br>Gwen Hochman Stewart<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>(312) 853-7000<br>*Attorneys for Plaintiff Janssen Pharmaceuticals, Inc.*<br><br>June 9, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Derek J. Fahnestock*<br>Rodger D. Smith II (#3778)<br>Derek J. Fahnestock (#4705)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@morrisnichols.com<br>dfahnestock@morrisnichols.com<br><br>*Attorneys for Plaintiffs Bayer Pharma AG, Bayer AG and Janssen Pharmaceuticals, Inc.* |