IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYER PHARMA AG, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. ______________________ |
| v. | ) | |
| | ) | REDACTED - PUBLIC VERSION |
| MACLEODS PHARMACEUTICALS LTD. and MACLEODS PHARMA USA, INC., | ) | Original filing date: June 9, 2025<br>Redacted filing date: June 16, 2025 |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Bayer Pharma AG, Bayer AG (Bayer AG and Bayer Pharma AG are collectively referred to herein as “Bayer”), and Janssen Pharmaceuticals, Inc. (“Janssen”) (Bayer and Janssen are collectively referred to herein as “Plaintiffs”), by their attorneys, for their Complaint, hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.’s (collectively, “Macleods”) unlicensed importation into the United States, and use, sale, and/or offer for sale of products in the United States, that infringe at least one claim of U.S. Patent No. 10,828,310 (“the ’310 patent”). The ’310 patent is attached as Exhibit A.

2. On information and belief, Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc., acting in concert, prepared, submitted, and amended ANDA No. 213114 for Macleods’ 2.5 mg rivaroxaban tablets (“Macleods’ ANDA Product”), seeking approval to engage

in the commercial manufacture, use, offer for sale, sale, and/or importation of a generic version of Plaintiffs' 2.5 mg XARELTO® product prior to the expiration of the '310 patent.

3. On information and belief, the Food and Drug Administration ("FDA") granted approval to the 2.5 mg product that is the subject of ANDA No. 213114 on May 14, 2025. On information and belief, following that approval, Macleods began importing into the United States, and/or using, selling, and/or offering to sell in the United States, Macleods' ANDA Product.

**THE PARTIES**

**Plaintiffs**

4. Plaintiff Bayer Pharma AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Müllerstrasse 178, 13353 Berlin, Germany.

5. Plaintiff Bayer AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

6. Plaintiff Janssen Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey.

**Defendants**

7. On information and belief, Defendant Macleods Pharmaceuticals Ltd. ("MPL") is a corporation organized and existing under the laws of the Republic of India, with a place of business at Atlanta Arcade, Marol Church Rd., Andheri (East), Mumbai, 400059, India.

8. On information and belief, Defendant Macleods Pharma USA, Inc. ("Macleods USA") is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 103 College Road East, Second Floor, Princeton, New Jersey 08540.

9. On information and belief, Macleods USA is a wholly-owned subsidiary of MPL, and is controlled and dominated by MPL.

10. On information and belief, MPL is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic versions of branded pharmaceutical drug products for the U.S. market. As a part of this business, on information and belief, MPL, acting in concert with Macleods USA, files ANDAs with FDA seeking approval to engage in, and engages in, the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products prior to the expiration of United States patents that cover such products.

11. On information and belief, and consistent with their practice with respect to other generic products, MPL and Macleods USA acted in concert to prepare, submit, and amend ANDA No. 213114 for Macleods' ANDA Product, which was done at the direction of, under the control of, and for the direct benefit of MPL.

12. On information and belief, MPL and Macleods USA are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Macleods' ANDA Product at issue.

13. On information and belief, MPL has received FDA approval for the 2.5 mg product that is the subject of ANDA No. 213114 and has acted in concert with Macleods USA to import, market, distribute, offer for sale, and/or sell Macleods' ANDA Product throughout the United States, including in Delaware. On information and belief, Macleods has launched the 2.5 mg product that is the subject of ANDA No. 213114.

14. On information and belief, Macleods knows and intends that Macleods' ANDA Product has been and will continue to be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

## JURISDICTION

15. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Declaratory judgment relief is authorized under 28 U.S.C. §§ 2201 and 2202.

17. This Court has personal jurisdiction over each of MPL and Macleods USA.

18. This Court has personal jurisdiction over MPL because, among other things, MPL, itself and through its wholly-owned subsidiary Macleods USA, has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, MPL, itself and through its wholly-owned subsidiary Macleods USA, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, MPL is subject to personal jurisdiction

in Delaware because, on information and belief, it controls Macleods USA and therefore the activities of Macleods USA in this jurisdiction are attributed to MPL.

19. This Court has personal jurisdiction over Macleods USA because, among other things, Macleods USA has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Macleods USA is a corporation formed under the laws of the state of Delaware, and has appointed registered agents in Delaware (Incorp Services, Inc., 131 Continental Drive, Suite 301, Newark, DE) to accept service of process. It therefore has consented to general jurisdiction in Delaware.

20. Upon information and belief, Macleods USA is responsible for marketing, distributing, offering for sale, and/or selling generic copies of branded pharmaceutical products for the U.S. market, including in Delaware, and relies on contributions from MPL to do so.

21. Upon information and belief, Macleods USA, acting as the agent of MPL, markets, distributes, offers for sale, and/or sells in Delaware and elsewhere in the United States generic pharmaceutical products that are manufactured by MPL or for which Macleods is the named applicant on approved ANDAs.

22. In addition, this Court has personal jurisdiction over MPL and Macleods USA because, among other things, on information and belief: (1) MPL and Macleods USA acted in concert to file ANDA No. 213114 for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the 2.5 mg product described in ANDA No. 213114 in the United States, including in Delaware; and (2) Macleods' ANDA Product has been approved by the FDA, and so now MPL and Macleods USA, acting in concert and/or as agents of one another have imported, marketed, distributed, offered for sale, and/or sold Macleods' ANDA Product in the United States, including in Delaware, and will derive

substantial revenue from the use and/or consumption of Macleods' ANDA Product in the State of Delaware.

23. In addition, on information and belief, Macleods' ANDA Product, which is charged with infringing the '310 patent, will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

24. In addition, MPL is subject to personal jurisdiction in Delaware because, on information and belief, MPL derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and that are manufactured by MPL and/or for which MPL is the named applicant on approved ANDAs. On information and belief, various products for which MPL is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

25. In addition, on information and belief, MPL controls and dominates Macleods USA and therefore the activities of Macleods USA in this district are properly attributed to MPL.

26. Alternatively, if MPL's connections with Delaware, including its connections with Macleods USA, are found to be insufficient to confer personal jurisdiction, then upon information and belief, MPL is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over MPL in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

27. Further, this Court has personal jurisdiction over Macleods because MPL and Macleods USA regularly engage in patent litigation concerning FDA approved branded drug products in this district, have consented to jurisdiction in Delaware in one or more prior cases

arising out of the filing of their ANDAs, and/or they have filed counterclaims in such cases. *See, e.g.*, *Bayer Pharma AG et al. v. Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.*, C.A. No. 23-665-RGA, D.I. 13 (D. Del. Aug. 15, 2023); *ZS Pharma, Inc. v. Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.*, C.A. No. 22-1100-JLH, D.I. 18 (D. Del. Oct. 14, 2022); *Anacor Pharmaceuticals, Inc. v. Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.*, C.A. No. 21-1350-CFC, D.I. 14 (D. Del. Nov. 17, 2021); *Merck Sharp & Dohme Corp. v. Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.*, C.A. No. 19-316-RGA, D.I. 11 (D. Del. Apr. 8, 2019).

28. This Court also has personal jurisdiction over Macleods because [redacted] settlement agreement referenced below [redacted]

**VENUE**

29. Venue is proper in this district for MPL pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, MPL is a company organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

30. Venue is proper in this district for Macleods USA pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Macleods USA is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

31. Venue is also proper in this district for MPL and for Macleods USA because [redacted] settlement

agreement referenced below [redacted]

## FACTUAL BACKGROUND

32. XARELTO® (active ingredient rivaroxaban) is a factor Xa inhibitor. The 2.5 mg tablet strength of XARELTO® is indicated for administration orally twice daily, in combination with aspirin (75-100 mg) once daily, (i) to reduce the risk of major cardiovascular events (cardiovascular death, myocardial infarction, and stroke) in adult patients with coronary artery disease (CAD); and (ii) to reduce the risk of major thrombotic vascular events (myocardial infarction, ischemic stroke, acute limb ischemia, and major amputation of a vascular etiology) in adult patients with peripheral artery disease (PAD), including patients who have recently undergone a lower extremity revascularization procedure due to symptomatic PAD.

33. Janssen is the holder of New Drug Application No. 022406 for XARELTO®, which has been approved by the FDA.

34. The ’310 patent, entitled “Reducing the Risk of Cardiovascular Events,” was duly and legally issued on November 10, 2020. The ’310 patent is attached as Exhibit A.

35. As set forth in greater detail in the ’310 patent, the claims of the ’310 patent, incorporated by reference herein, cover certain methods involving rivaroxaban. For example, independent claim 1 recites, “A method of reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral artery disease, comprising administering to the human patient rivaroxaban and aspirin in amounts that are clinically proven effective in reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral arterial

disease, wherein rivaroxaban is administered in an amount of 2.5 mg twice daily and aspirin is administered in an amount of 75-100 mg daily."

36. Bayer Pharma AG is the assignee of the '310 patent.

37. Bayer AG is an exclusive licensee under the '310 patent.

38. Janssen is an exclusive sublicensee under the '310 patent.

39. Pursuant to 21 U.S.C. § 355, the '310 patent is listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") in connection with the 2.5 mg strength of XARELTO®.

**COUNT I: INFRINGEMENT OF THE '310 PATENT**

40. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

41. By letter dated May 2, 2023 ("Macleods' Notice Letter"), Macleods notified, *inter alia*, Bayer and Janssen that Macleods had submitted to the FDA ANDA No. 213114 for Macleods' ANDA Product. This product is a generic version of the 2.5 mg strength of XARELTO®.

42. In Macleods' Notice Letter, Macleods indicated that, in connection with its ANDA No. 213114, Macleods had filed, *inter alia*, a Paragraph IV Certification with respect to the '310 patent.

43. In Macleods' Notice Letter, Macleods stated that Macleods' ANDA Product contains rivaroxaban.

44. After receiving Macleods' Notice Letter, Bayer and Janssen sued MPL and Macleods USA, seeking Hatch-Waxman relief for infringement of the '310 patent on June 16, 2023, in this district. That Hatch-Waxman action was consolidated before this Court in *In re: Xarelto (Rivaroxaban) ('310) Patent Litigation*, MDL No. 21-3017-RGA ("*In re Xarelto*").

45. *In re Xarelto* is currently stayed pending final resolution of any appeal in *Mylan Pharmaceuticals Inc. et al. v. Bayer Pharma AG*, IPR2022-00517 (PTAB), *see Bayer Pharma Aktiengesellschaft v. Mylan Pharms. Inc.*, No. 2023-2434 (Fed. Cir.).

46. In or around January 2024, Plaintiffs and Macleods settled Plaintiffs' Hatch-Waxman action against Macleods ("the Settlement") and stipulated and agreed to dismiss their respective claims and defenses pursuant to Rules 41(a)(1) and 41(c) of the Federal Rules of Civil Procedure. On January 25, 2024, this Court entered the stipulation. *See In re Xarelto*, MDL No. 21-3017-RGA, D.I. 211 (D. Del. January 25, 2024).

47. Pursuant to the Settlement, [redacted]

48. Also pursuant to the terms of the Settlement, under certain conditions, [redacted]

49. On information and belief, Macleods' ANDA Product received final approval from the FDA on May 14, 2025. *See* Ex. B, U.S. Food & Drug Admin., Drugs@FDA: FDA-Approved Drugs, https://tinyurl.com/3rana6k8 (last visited June 3, 2025).

50. On information and belief, since the approval of Macleods' ANDA Product, Macleods has begun importing that product into the United States, using that product in the United States, offering to sell that product in the United States, and/or selling that product in the United States.

51. On information and belief, the approved labeling for Macleods' ANDA Product directs a method of reducing the risk of major cardiovascular events (cardiovascular (CV) death, myocardial infarction (MI), and stroke) in patients with chronic coronary artery disease (CAD) or peripheral artery disease (PAD). On information and belief, the approved labeling for Macleods' ANDA Product further directs the administration of Macleods' ANDA Product and aspirin in amounts that are clinically proven effective in reducing the risk of MI, stroke or CV death in a human patient with CAD and/or PAD, wherein Macleods' ANDA Product is administered twice daily and aspirin is administered in an amount of 75-100 mg daily.

52. On information and belief, Macleods knows and admits that Macleods' ANDA Product with its proposed labeling is especially made or adapted for use in infringing the '310 patent, and that Macleods' ANDA Product with its proposed labeling is not suitable for substantial noninfringing use. Macleods' ANDA Product is a material part of the claimed invention. On information and belief, since the FDA approved ANDA No. 213114, Macleods has contributed, and plans and intends to continue to contribute, to infringement of the '310 patent.

53. On information and belief, the use, sale, offer for sale, and/or importation of Macleods' ANDA Product in conjunction with its labeling infringes one or more claims, including at least claim 1, of the '310 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, and/or Macleods induces and/or contributes to the infringement of one or more claims, including at least claim 1, of the '310 patent under 35 U.S.C. § 271(b) and/or (c).

54. Macleods has actively induced, and will continue to actively induce, infringement of at least claim 1 of the ’310 patent by way of selling Macleods’ ANDA Product and/or by way of the substance of its approved labeling and/or by way of its marketing of Macleods’ ANDA Product.

55. Macleods’ infringement, inducement of infringement, and/or contribution to infringement is willful. Upon information and belief, Macleods is aware of the ’310 patent at least because Macleods was involved in related litigation concerning, [redacted] Macleods’ infringement of the ’310 patent. *See Bayer Pharma AG et al. v. Macleods Pharms. Ltd. et al.*, C.A. No. 23-665-RGA, D.I. 1 (D. Del. June 16, 2023).

56. Unless Macleods is enjoined from infringing the ’310 patent, actively inducing infringement of the ’310 patent, and contributing to the infringement by others of the ’310 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

57. Plaintiffs have suffered, and will continue to suffer, monetary damages, including but not limited to lost profits, as a result of Macleods’ infringement of the ’310 patent.

**COUNT II: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’310 PATENT**

58. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

59. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Macleods on the other regarding Macleods’ liability for infringement, active inducement of, and/or contribution to the infringement of the ’310 patent.

60. An actual case or controversy exists between Plaintiffs and Macleods with respect to Macleods’ liability for infringement of the ’310 patent.

61. The Court should declare that the commercial sale, offer for sale, or importation of Macleods' ANDA Product infringes, induces, and/or contributes to the infringement of the '310 patent under 35 U.S.C. § 271(a), (b), and/or (c). Pursuant to the Settlement, [redacted]

* * *

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that Macleods has infringed, induced infringement of, and/or contributed to the infringement of, the '310 patent;

(b) A permanent injunction pursuant to, *inter alia*, 35 U.S.C. § 283, enjoining Macleods, and all persons acting in concert with Macleods, from making, using, selling, offering for sale, marketing, distributing, or importing Macleods' ANDA Product, or any product or compound the use of which infringes the '310 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '310 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Macleods' ANDA Product, or any product or compound the manufacture, use, offering for sale, sale, or importation of which infringes the '310 patent, prior to the expiration of the '310 patent infringes and/or actively induces infringement of and/or contributes to the infringement by others of the '310 patent;

(d) An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs for Macleods' past infringement, inducement of infringement, and/or contributory infringement, and any continuing or future infringement, inducement of infringement, and/or

contributory infringement, of the '310 patent up until the date such judgment is entered, including pre- and post-judgment interest, costs, and disbursements as justified pursuant to 35 U.S.C. § 284;

(e) A declaration that this is an exceptional case and an award of attorneys' fees for Plaintiffs pursuant to 35 U.S.C. § 285;

(f) An award of Plaintiffs' costs and expenses in this action; and

(g) Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Rodger D. Smith II (#3778)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiffs Bayer Pharma AG, Bayer AG and Janssen Pharmaceuticals, Inc.*

OF COUNSEL:

Bruce R. Genderson
Dov P. Grossman
Alexander S. Zolan
Seth R. Bowers
Ben Picozzi
Dana B. Kinel
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
*Attorneys for Plaintiffs Bayer Pharma AG and Bayer AG*

Gwen Hochman Stewart
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000
*Attorneys for Plaintiff Janssen Pharmaceuticals, Inc.*

June 9, 2025